Deshraj **PAL**, aka Des Raj, Petitioner,

v.

Jefferson B. **SESSIONS III**, Attorney General, Respondent.

No. 15-72828

United States Court of Appeals, Ninth Circuit.

Argued and Submitted February 8, 2018 San Francisco, California

Filed February 22, 2018 ·

Kuldip S. Dhariwal, Attorney, Law office Kuldip Dhariwal, Fremont, CA, Inna Lipkin, Esquire, Counsel, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner

Susan Bennett Green, Trial Attorney, Victor Matthew Lawrence, I, Esquire, Assistant Director, Ashley Young Martin, Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: TASHIMA, BERZON, and CHRISTEN, Circuit Judges.

MEMORANDUM *

Deshraj Pal, a native and citizen of India, petitions for review of a final order of removal from the Board of Immigration Appeals (BIA). The BIA dismissed Pal's appeal of an immigration judge's (IJ's) order denying his applications for asylum and withholding of removal under the Immigration and Nationality Act and for protection under the Convention Against Torture (CAT).

Because Pal's application for asylum was filed in 2013, the REAL ID Act's credibility standard governs this case. The REAL ID Act established a "totality of the circumstances" standard that "is permissive as to the breadth of factors that may form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010). The IJ "must present a reasoned analysis of the evidence as a whole," *Zhi v. Holder*, 751 F.3d 1088, 1091

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 2014) (internal citation and quotation marks omitted), and "provide a specific cogent reason for the adverse credibility finding," *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal citation and quotation marks omitted). We must uphold a credibility finding unless the evidence compels a contrary result. *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

"We review factual findings of the IJ and BIA under the substantial evidence standard. That is, we must sustain factual findings if supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003) (internal citations and quotation marks omitted). The IJ and BIA denied Pal's applications for asylum and withholding of removal because they found Pal was not a credible witness. Pal argues this finding was not supported by substantial evidence. We disagree.

The IJ based her credibility determination on the "extreme[ ]" lack of "detail and specificity" in Pal's written statement and his testimony. Pal's testimony contained unexplained inconsistencies; he shifted his testimony to respond to a challenge related to one such inconsistency; and his answers were occasionally unresponsive to the question asked. Despite being given the opportunity to provide corroborating documents showing Bahujan Samaj Party (BSP) members were persecuted by the Akali Dal Badal Party, none of the documents he submitted demonstrated as much. The adverse credibility determination was supported by substantial evidence.

Even if credited, Pal's evidence falls short of supporting his applications for asylum and withholding of removal. It is not clear that Pal reported the beatings to authorities, and he offered no documentary evidence to show the government was unwilling or unable to control any persecution directed against the BSP. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062, 1073–75 (9th Cir. 2017) (en banc). Because his testimony and documentary evidence does not compel the conclusion that Pal suffered past persecution or has a well-founded fear of future persecution on account of his membership in the BSP, substantial evidence supports the BIA's determination that Pal is ineligible for asylum. Because Pal's testimony and documentary evidence also do not compel the conclusion that it is "more likely than not" his life or freedom would be threatened on account of his membership in the BSP if he returned to India, substantial evidence supports the BIA's determination that Pal is ineligible for withholding of removal under the Immigration and Nationality Act. *See Ling Huang v. Holder*, 744 F.3d 1149, 1152, 1156 (9th Cir. 2014).

Finally, because Pal did not show it was more likely than not that he personally would be subject to torture if he returned to India, *see Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014), Pal's CAT claim must also fail.

**PETITION DENIED.**